**De Jing ZHENG, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–2924–AG.

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

Sunit K. Joshi, Justin D. Parsons, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney, Kirti Vaidya Reddy, Ramon E. Reyes, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

De Jing Zheng petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his motion to reopen removal proceedings after an *in absentia* order of removal. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's denial of Zheng's motion for abuse of discretion. *See id.*

An *in absentia* order of removal may be rescinded upon a motion to reopen filed within 180 days after the date of the order of removal, provided that the alien shows that the failure to appear was because of exceptional circumstances beyond the alien's control, or upon a motion filed at any time if the alien demonstrates that he did not receive proper notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C). The IJ ordered Zheng removed *in absentia* on November 18, 1997. Zheng filed his motion to reopen on April 21, 2003, more than five years after the issuance of the order of

removal. Because Zheng's motion alleged exceptional circumstances and not lack of notice, the IJ was correct in determining that the motion was untimely.

The time-period for filing a motion to reopen may be equitably tolled in certain circumstances if there is a claim of ineffective assistance of counsel. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000). However, "[f]or an untimely claim to receive the benefit of equitable tolling … an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Id.* at 135. There is no evidence that Zheng consulted with either of his attorneys upon being ordered removed in November 1997, or took any steps to otherwise pursue his case until April 2003, despite the fact that he knew that he had missed his hearing. The IJ reasonably determined that Zheng did not engage in due diligence during the five and one-half years between his *in absentia* order of removal and the filing of his motion to reopen and was therefore not entitled to equitable tolling of the deadline.

Finally, in light of this Court's decisions in *Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003) (per curiam) (holding that the birth of United States citizen children constituted changed personal circumstances and such circumstances did not fit within the changed country conditions exception in the regulations) and *Li Yang Zheng v. DOJ*, 416 F.3d 129 (2d Cir.2005) (per curiam) (same), the IJ did not abuse his discretion in finding that Zheng had not established changed country conditions. Additionally, since the amendment to the refugee definition went into effect in September 1996, *see* Illegal Immigration Reform and Immigrant Responsibility Act,

Pub.L. No. 104–208, § 601, 110 Stat. 3009–689 (1996), a full year before Zheng's hearing, the IJ was correct in determining that the changed refugee definition would not affect his case.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).